IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Steve Diepenbrock, | Case No. 3:08 CV 1530 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Rinker Boat Company, LLC, et al., | |
| Defendants. | |

Defendant Rinker Boat Co., LLC removed this case from the Allen County Court of Common Pleas with the consent of Defendant Volvo Penta of the Americas, Inc (Doc. No. 1). Plaintiff, Steve Diepenbrock, moves to remand the case back to the state court because this Court lacks jurisdiction under either diversity or federal question (Doc. No. 6). Despite inquiry from the Court and an indication that Rinker would be filing an opposition, none has been filed.

The removing party bears the burden of proving by a preponderance of the evidence that removal is proper. *See Pullman v. Jenkins*, 305 U.S. 534, 540 (1939); *Her Majesty the Queen in Right of Province of Ontario v. Detroit*, 874 F.2d 332, 339 (6th Cir.1989). "Any doubt as to whether the removal is proper should be resolved in favor of remand to state court." *Lewis v. Exxon Mobil Corp.*, 348 F. Supp .2d 932, 933 (W.D. Tenn .2004), *citing Union Planters Nat'l Bank v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir.1977).

Diversity jurisdiction requires Plaintiff and Defendants be citizens of different states and the amount in controversy, exclusive of interest and costs, be greater than $75,000. 28 U.S.C. § 1332(a)(1). In this action, federal question jurisdiction is also alleged pursuant to the Magnuson-Moss Warrant Act ("Warranty Act"), 15 U.S.C. § 2301 et seq. The Warranty Act requires an amount in

controversy greater than $50,000, exclusive of interest and costs. 15 U.S.C. § 2310(d)(3). Both parties agree that Plaintiff and Defendants are citizens of different states, and the only remaining question is whether the amount in controversy in this case meets the jurisdictional threshold. Because either federal question or diversity will provide subject matter jurisdiction, the Court will only examine the lower controversy requirement of $50,000 under the Warranty Act.

Section 2310(d)(1) of the Warranty Act provides: "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation . . . under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." To determine the applicable remedy available, the Court must look to controlling state warranty law. *See Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 882 (6th Cir. 2005). Damages for breach of warranty are set forth in Ohio Revised Code Sections 1302.88 and 1302.89, which states the "measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."

The value of the goods warranted can be quantified as $140,627.24 which represents the total purchase price of the boat, including all finance charges. According to the National Automobile Dealers Association ("NADA") Appraisal Guide, the lowest retail price for the boat is $102,090, resulting in a difference of $38,537.24. This fails to meet the $50,000 threshold required by the Warranty Act.

Despite Defendant's assertion in the Notice of Removal, Plaintiff's request for a refund of the purchase price does not automatically satisfy the amount in controversy requirement. *See Shimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405-406 (7th Cir. 2004). When a return of the purchase price is

sought, the amount in controversy is not the actual amount of the purchase price. Because Defendants would receive the boat, the amount in controversy would be the purchase price minus the current value of the boat. The recoverable amount would then be decreased again based on the value of the use Plaintiff received from the boat. Following the same analysis as above, assuming Plaintiff received no value from the use of the boat, the resulting difference would still only be $38,537.24, less than the jurisdictional requirement. If Plaintiff received any value, this amount would only decrease further.

Attorney fees, which are recoverable under the Warranty Act, are costs, and thus are excluded from the amount in controversy. Although the Sixth Circuit has not yet decided this issue, district courts within the Sixth Circuit and every other federal circuit that has addressed the issue found attorney fees under the Warranty Act to be costs and excluded from the amount in controversy in deciding federal question jurisdiction. *See Golden v. Gorno Bros., Inc.*, 274 F. Supp. 2d 913, 917 (E.D. Mich. 2003); *Suber v. Chrysler Corp.*, 104 F.3d 578, 589 n. 12 (3d Cir. 1997); *Saval v. B.L. Ltd.*, 710 F.2d 1027, 1032-33 (4th Cir. 1983); *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955 (7th Cir. 1998).

Defendants have failed to show by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold for either diversity or federal question jurisdiction. As such, the case is remanded back to the Allen County Court of Common Pleas.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 29, 2008